UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOHN AMES AND MICHAEL PANTONY, *as*
*Trustees of the United Welfare Fund, Welfare Division*
*and the United Welfare Fund, Security Division,*

                             Plaintiffs,

             - against -

STAT FIRE SUPPRESSION, INC.,

                             Defendant.
-----------------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

03 CV 6163 (NG)

On December 3, 2003, plaintiffs John Ames and Michael Pantony, as Trustees of the

United Welfare Fund, Welfare Division (the "Welfare Fund") and the United Welfare Fund,

Security Division (the "Security Fund") (collectively, the "Funds"), commenced this action

against Stat Fire Suppression, Inc. ("Stat Fire"), alleging that defendant failed to make its

required contributions to the Funds in violation of the Employee Retirement Income Security Act

of 1974, as amended, 29 U.S.C. § 1002 et seq. ("ERISA").

By Request to Enter Default, dated February 4, 2004, plaintiffs move for entry of a

default judgment against defendant in the amount of $44,271.94. This amount includes: (1)

$32,167.86 in unpaid contributions; (2) $4,020.57 in interest; (3) $6,433.57 in liquidated

damages; (4) $1,500.00 in attorney's fees; and (5) $150.00 in costs. (Schatz Aff. A ¶ 12).[1]  In an

affidavit dated June 30, 2004, plaintiff now seeks a default judgment of $48,990.43, including (1)

$34,201.08 in unpaid contributions; (2) $5,799.13 in interest; (3) $6,840.22 in liquidated

---

[1] Citations to "Schatz Aff. A" refer to the Affidavit of Julie Pearlman Schatz, counsel for
plaintiffs, dated February 5, 2004, submitted in support of plaintiffs' motion for default
judgment.

damages; (4) $2,000.00 in attorney's fees; and (5) $150.00 in costs. (Schatz Aff. B ¶ 9).[2]

On September 15, 2004, the motion for default judgment was granted, and the motion was referred to the undersigned to prepare a Report and Recommendation to determine "the amount of unpaid contributions to the Funds, liquidated damages, attorney's fees, interest on any unpaid contributions, and costs, if any, owed to plaintiffs." (Am. Order of Sept. 15, 2004; see also Order of May 26, 2004).

## FACTUAL BACKGROUND

The Funds are jointly-administered, multi-employer employee benefit plans within the meaning of ERISA. (Compl. ¶¶ 2-3). See 29 U.S.C. § 1002(2)-(3). The Funds maintain an office at 138-50 Queens Boulevard, Briarwood, New York. (Id. ¶ 2). Defendant Stat Fire is a New York corporation, with its principal place of business located at 889 South Second Street, Ronkonkoma, New York. (Id. ¶ 7). Defendant employs members of Local 355 of the United Service Workers, IUJAT, AFL-CIO ("Local 355"). (Id. ¶ 10).

On June 1, 2002, defendant entered into a collective bargaining agreement with Local 355 (the "CBA"). (Id. ¶ 10; see also Byrne Aff., Ex. A).[3] According to the terms of the CBA, defendant is obligated to make contributions to the Funds on behalf of each of its employees covered by the CBA at a rate set in the CBA. (Compl. ¶ 13; see also Byrne Aff., Ex. A).

---

[2] Citations to "Schatz Aff. B" refer to the Affidavit of Julie Pearlman Schatz, counsel for plaintiffs, dated June 30, 2004, submitted in support of plaintiffs' motion for default judgment.

[3] Citations to "Byrne Aff." refer to the Affidavit of Edward Byrne, Secretary Treasurer of Local 355 and administrator of the Welfare Fund, dated June 30, 2004, submitted in support of plaintiffs' motion for default judgment.

2

Despite the Funds' repeated demands, Stat Fire failed to make payments in accordance with the CBA. (Compl. ¶ 16). Plaintiffs allege that from April 2003 through June 2003, defendant failed to make the required contributions to the Welfare Fund in the amount of $16,991.01 (id. ¶ 17), and that from January 2003 through November 2003, defendant failed to remit the necessary contributions to the Security Fund in the amount of $9,650.92. (Id. ¶ 18).

Since the pendency of this action, plaintiffs claim that the defendant has continued to fail to make the required contributions under the CBA. (See Byrne Aff. ¶ 6 (providing that "additional contributions came due for the period [of] December 2003 through July 2004); see also Schatz Aff. A ¶ 9 (providing that "additional contributions have come due for the Security Fund for the period [of] November, 2003 through February, 2004")). Specifically, plaintiffs allege that defendant owes the Welfare Fund contributions in the amount of $19,491.21 from April 2003 through June 2003 (Byrne Aff. ¶ 7), and that defendant owes the Security Fund contributions in the amount of $14,709.87 from January 2003 through July 2004. (Id. ¶ 8). Thus, according to plaintiffs, defendant has failed to remit a total of $7,559.15 in additional contributions since the commencement of this suit. (Compare Compl. ¶¶ 17-18 (alleging a total of $26,641.93 in unpaid contributions) with Byrne Aff. ¶¶ 7-8 (alleging a total of $34,201.08 in unpaid contributions)).

On December 3, 2003, the Funds commenced the above-captioned action in an effort to recover unpaid contributions, interest on the unpaid contributions, liquidated damages, attorneys' fees and costs. Plaintiff served a copy of the Summons and Complaint on Joanne DeCio, managing agent of Stat Fire, on December 22, 2003. However, defendant has failed to file an answer, to otherwise respond to plaintiff's Complaint or to appear and defend this action.

3

By Order dated June 1, 2004, the parties were directed to submit papers in support of their damage calculations. Having received no opposition papers from defendant, this Court has reviewed only the plaintiffs' submissions.

## DISCUSSION

A. Basis for Default Judgment Damages

Once a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993); Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (citing United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989)); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65; Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986); 10 James Wm. Moore et al., Moore's Federal Practice ¶ 55.12[1] (3d ed. 2004). The plaintiff must, however, still prove damages in an evidentiary proceeding at which the defendant has the opportunity to contest the claimed damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158. "'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'" Levesque v. Kelly Communications, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). The burden is on the plaintiff to establish its entitlement to recovery. See Clague v. Bednarski, 105 F.R.D. 552 (E.D.N.Y. 1985).

When a court enters a default judgment and the amount of damages sought does not

4

consist of a sum certain, Rule 55(b) of the Federal Rules of Civil Procedure provides that:

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

Fed. R. Civ. P. 55(b)(2). While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." Fustok v. Conticommodity Services, Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (citing Transportes Aereos De Angola v. Jet Traders Inv. Corp., 624 F. Supp. 264, 266 (D. Del. 1985)), aff'd, 873 F.2d 38 (2d Cir. 1989). Here, where plaintiffs filed a reasonably detailed affidavit and accompanying exhibits pertaining to the damages incurred and where defendant failed to appear before this Court, the Court can make an informed recommendation regarding damages without an evidentiary hearing.

B. Damages Available Under ERISA

In an ERISA action brought by a fiduciary for or on behalf of a plan to enforce rights under Section 1145, the statute specifies the damages to be awarded when judgment is entered in favor of the plan. See 29 U.S.C. § 1132(g)(2). These include:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an
>     amount not in excess of 20 percent (or such higher
>     percentage as may be permitted under Federal or State law)
>     of the amount determined by the court under subparagraph

(A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

Id.; see, e.g., Iron Workers Dist. Council of Western New York and Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1505-07 (2d Cir. 1995). Thus, a plaintiff who has established a violation of ERISA is entitled to an award of (1) the amount of delinquent contributions, (2) interest accrued during the periods of delinquency, (3) liquidated damages provided for under the plan and (4) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2).

C. Application

1. Delinquent Contributions

In their Complaint, plaintiffs allege that defendant failed to contribute a total of $26,641.93 in required contributions (Compl. ¶¶ 17-18); in the multiple affidavits submitted in support of their damage calculations, plaintiffs claim that since the pendency of this action, defendant failed to remit an additional $7,559.15. (Compare id. (alleging a total of $26,641.93 in unpaid contributions) with Byrne Aff. ¶¶ 7-8 (alleging a total of $34,201.08 in unpaid contributions)).

Rule 54(c) of the Federal Rules of Civil Procedure provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c); see Scala v. Moore McCormack Lines, Inc., 985 F.2d 680, 683 (2d Cir. 1993) (holding that "[a] party's recovery is limited to the amount prayed for in its

6

demand for judgment only in cases where judgment is entered by default"); 10 James Wm. Moore et al., Moore's Federal Practice ¶ 55.22[4][a] (3d ed. 2004). Accordingly, this Court respectfully recommends that the Funds be awarded delinquent contributions in the amount of $26,641.93, the amount originally alleged in plaintiffs' Complaint.

## 2. Interest

Plaintiffs are also entitled to an award of (1) interest accrued during the period of the delinquency, (2) interest accrued from the commencement of the action through the date of judgment, and (3) interest from the date of judgment until the entire amount is paid. 29 U.S.C. § 1132(g)(2)(B). Plaintiffs claim that pursuant to the "policies and procedures of the Funds," interest on delinquent contributions accrues at 18% per annum (Byrne Aff. ¶ 9), and that the amount of interest accrued through June 30, 2004 is $5,799.13. (Id.; see also id., Ex. B). Plaintiffs have submitted a spreadsheet which includes a detailed breakdown of the amount of interest owed. (See id., Ex. B; see also id. ¶ 9).

In their analysis, plaintiffs included interest on the $34,201.08 in unpaid contributions calculated through the date of plaintiffs' final submission in support of its damage calculations. (See id., Ex. B). However, as discussed previously, this Court respectfully recommends that the Funds be awarded delinquent contributions in the amount of $26,641.93, the amount alleged in plaintiffs' Complaint. Accordingly, plaintiffs should be awarded interest on only the $26,641.93. Thus, this Court respectfully recommends that plaintiffs receive $5,221.23 in interest on the delinquent contributions, plus the additional interest that has and will accrue on the outstanding contributions from June 30, 2004 to the date of judgment.

3. Liquidated Damages

In addition, where contributions remain unpaid at the time of commencement of a suit, plaintiffs are entitled to liquidated damages equal to the greater of (1) the interest on the unpaid contributions or (2) an amount, as provided for under the plan, not to exceed 20% of the delinquent contributions. 29 U.S.C. § 1132(g)(2)(C)(i)-(ii). In this case, the CBA provides for liquidated damages in the amount of 20% of the unpaid contributions. (Byrne Aff. ¶ 10; Schatz Aff. B ¶ 6; see also Byrne Aff., Exs. C-D).

Based upon plaintiffs' calculation that defendant failed to remit $34,201.08 in required contributions through the date of plaintiffs' final submission, plaintiffs have determined that the liquidated damages owed total $6,840.22. (Schatz Aff. B ¶ 9). However, because this Court concludes that the Funds should be awarded only delinquent contributions in the amount of $26,641.93, the amount of unpaid contributions alleged in the Complaint, the Court respectfully recommends that the Funds receive an award of liquidated damages in the amount of $5,328.39, which represents 20% of $26,641.93.

4. Attorney's Fees and Costs

Under ERISA, the Funds are entitled to an award of reasonable attorney's fees and costs incurred in connection with this action. 29 U.S.C. § 1132(g)(2)(D). Accordingly, plaintiffs are requesting attorney's fees in the amount of $2,000.00, calculated at the rate of $250.00 for a total of eight hours of work (Schatz Aff. B ¶ 7),[4] and costs in the amount of $150.00. (Id. ¶ 9).

---

[4] Although plaintiff's counsel states that her firm expended a total of six hours on this matter, counsel's description of how her time was spent includes eight hours of billable time and her calculation of the total fees owed assumes that eight hours of work was performed. (Schatz

8

In support of the attorney's fees calculation, plaintiffs' counsel has submitted an affidavit setting forth a description of the legal services performed and the amount of time spent performing each service. (Id.) Although plaintiffs' submission is not technically in accordance with the requirements set forth in N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983), this Court finds that the amount of time spent on the described tasks and the hourly rate charged are reasonable. Accordingly, it is respectfully recommended that plaintiffs be awarded $2,000.00 in attorney's fees and $150.00 in costs.

## CONCLUSION

In summary, this Court respectfully recommends that plaintiff be awarded the following damages from defendant Stat Fire: (1) $26,641.93 in delinquent contributions; (2) $5,221.23 in interest, plus the additional interest that has and will accrue on the outstanding contributions from June 30, 2004 to the date of judgment; (3) $5,328.39 in liquidated damages; and (4) $2,150.00 in attorney's fees and costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties

---

Aff. B ¶ 7). Accordingly, this Court will assume that counsel's claim that she spent a total of six hours on this action was a misstatement.

either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
    April 15, 2005

Cheryl L. Pollak
United States Magistrate Judge

10