**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X   03 CV 6163 (NG) (CLP)
**JOHN AMES AND MICHAEL PANTONY, as**
**Trustees of the United Welfare Fund, Welfare**
**Division and the United Welfare Fund, Security**
**Division,**

                       **Plaintiffs,**

   - against -                                              **ORDER**

**STAT FIRE SUPPRESSION, INC.,**

                        **Defendant.**
----------------------------------------------------------------X

**GERSHON, United States District Judge:**

In this action alleging that defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., by failing to make required contributions to certain employee benefit funds, plaintiffs' complaint, dated November 25, 2003, requested the following relief: (a) money damages in the amount of $26,641.93, representing the contributions that were delinquent as of the date of the complaint, liquidated damages amounting to $5,328.39, interest, and costs of collection; (b) "[s]uch additional contributions, with associated liquidated damages (in the amount of 20%), interest, attorney's fees and costs of collection, as may be determined to be justly due and owed to the Fund during the pendency of this action and before final judgment;" (c) statutory liquidated damages at the rate of 20% of the unpaid contributions; (d) statutory interest; (e) injunctive relief; (f) attorney's fees, costs, and disbursements; and (g) such further relief as the court deems just and proper. The complaint noted that its calculation of delinquent contributions was an estimate, subject to adjustment

1

based on an audit of defendant's books and records. Upon motion by plaintiffs, the court, on September 15, 2004, entered a default judgment against defendant and referred plaintiffs' application for relief to Magistrate Judge Cheryl L. Pollak for a report and recommendation. At the direction of Judge Pollak, plaintiffs served and filed supplemental affidavits on June 30, 2004 in support of their application for relief. The supplemental affidavits set forth adjusted values for delinquent contributions as of the date of the complaint, based on an audit of defendant's books and records, as well as values for contributions that became delinquent during the pendency of the action. The supplemental affidavits also indicated that the applicable rate of interest is 18% per annum.

In a report and recommendation dated April 15, 2005, Judge Pollak recommended that plaintiff be awarded $26,641.93 in delinquent contributions, $5,221.23 in interest plus additional interest that accrues pending entry of judgment, $5,328.39 in liquidated damages, and $2,150.00 in attorney's fees and costs. Judge Pollak rejected plaintiff's request for an award of contributions that became delinquent during the pendency of the action. She reasoned that such an award was precluded by Federal Rule of Civil Procedure 54(c), which provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Judge Pollak likewise declined to take into account the adjusted values for delinquent contributions based on plaintiffs' audit of defendant's books and records. Plaintiffs filed objections to the report and recommendation on April 27, 2005, arguing that Rule 54(c) does not bar award of unpaid contributions that came due during the pendency of the action because an explicit request for such damages was set forth in the complaint.

The court hereby adopts the report and recommendation by Judge Pollak, dated April 15,

2005, with the following modifications: For the period prior to the commencement of the action, plaintiffs are awarded $23,849.69 in delinquent contributions, $5,221.23 in interest on the delinquent contributions plus additional interest at the rate of 18% per annum for the period from July 1, 2004 to the date of judgment, $4,769.94 in liquidated damages, and $1,650.00 in attorney's fees and costs. This award reflects the adjusted values for delinquent contributions set forth in plaintiffs' supplemental affidavits. For the period subsequent to the commencement of the action, plaintiffs are awarded $10,351.39 in delinquent contributions, $577.90 in interest on the delinquent contributions plus additional interest at the rate of 18% per annum for the period from July 1, 2004 to the date of judgment, $2,070.28 in liquidated damages, and $500.00 in attorney's fees and costs.

In general, a district court has discretion to award ERISA damages that accrue during the pendency of an action. *Cf. Lochner v. Unum Life Ins. Co.*, 389 F.3d 288, 297-98 (2d Cir. 2004). Although Rule 54(c) limits the damages recoverable by a plaintiff following a default judgment to the type and quantity of damages demanded in the complaint, it does not require plaintiff to have demanded a sum certain in order to recover on default. In this case, the rule does not preclude an award of damages that accrued during the pendency of the action because such damages were explicitly requested in the complaint, and sufficiently established by the affidavits submitted by plaintiffs. Defendant was put on notice that plaintiff was seeking such damages when defendant was served with the complaint. That notice was renewed when defendant was served with plaintiff's motion for default judgment, as well as when defendant was served with plaintiffs' supplemental affidavits on June 30, 2005.

In sum, plaintiffs are awarded a total judgment of $48,990.43 plus interest on the

3

delinquent contributions, which total $34,201.28, at the rate of 18% per annum for the period from July 1, 2004 to the date of judgment. The Clerk of Court is directed to enter such judgment.

                             **SO ORDERED.**

                             _____/S/_____
                             **NINA GERSHON**
                             **United States District Judge**

Dated:      Brooklyn, New York
              May 25, 2005